## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

      v.

GILBERTO CANO-BAHENA,

      Defendant/Petitioner.

Case No. 14-20066-JAR-2

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Gilberto Cano-Bahena's *pro se* Motion for

Sentence Modification (Doc. 209) pursuant to sections 401 and 402 of the First Step Act.[1]  The

First Step Act contains a number of sentencing reform provisions that impact mandatory

minimums, criminal history points, and the "three-strike" mandatory penalty under 18 U.S.C.

§ 841.  Only one sentencing reform provision is retroactive.  Section 404 of the First Step Act

retroactively applies the Fair Sentencing Act of 2010, allowing the court to impose a reduced

sentence for certain crack-cocaine offenders convicted before August of 2010.[2]  For all other

offenses, the new sentencing reform provisions benefit only individuals who were convicted

after December 21, 2018, when Congress enacted the First Step Act.[3]

Mr. Cano-Bahena is not a crack cocaine offender.  He pleaded guilty on May 27, 2015, to

aiding and abetting the possession of five grams or more of methamphetamine with intent to

---

[1]Pub. L. No. 115-391, 132 Stat. 5194.

[2]*See id.*, § 404(b) (retroactively applying the Fair Sentencing Act of 2010); *United States v. Gay*, 771 F.3d 681, 684 (10th Cir. 2014) (stating that the Fair Sentencing Act "reduced the statutory penalty disparity between cocaine powder and crack cocaine").

[3]*See* Pub. L. No. 115-391, 132 Stat. 5194, §§ 401(c); 402(b); and 403(b).

distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2.[4]  Cano-Bahena

was also convicted and sentenced before the First Step Act was enacted.  On September 26,

2016, the Court sentenced Cano-Bahena to a sentence at the low-end of the applicable Guideline:

108 months' imprisonment and 4 years of supervised release.[5]  Cano-Bahena is therefore not

eligible for resentencing under the First Step Act, and the Court denies his request to reduce his

sentence under the Act.

 In his motion, Defendant also discusses a reduction of sentence pursuant to Fed. R. Civ.

P. 35, asserts that he provided the government with substantial assistance, and offers to provide

the United States Attorney with information about the sale of drugs in Texas.  The Tenth Circuit

has adopted the position that the filing of a motion by the government is a jurisdictional

prerequisite to the court's consideration of a Rule 35(b) motion for reduction of sentence.[6]

"Because subsection (b) applies only to motions made by the government, a defendant cannot

invoke Rule 35(b) and empower the court to reduce his sentence."[7]  Moreover, the government

has the discretion to refuse to file a Rule 35(b) motion.[8]  Because the government has not filed a

Rule 35 motion, this Court lacks jurisdiction over any request for modification of Defendant's

sentence on these grounds.

 **IT IS THEREFORE ORDERED BY THE COURT** that Defendant Gilberto Cano-

Bahena's Motion for Sentence Modification under the First Step Act (Doc. 209) is **DENIED**.

---

[4]Docs. 78 & 145 at 12, 26.

[5]Doc. 145 at 39.

[6]*United States v. Perez*, 955 F.2d 34, 35 (10th Cir. 1992); s*ee McDaniels v. Goff*, 646 F. App'x 609, 612 (10th Cir. 2016) (denying defendant's motion to compel the United States Attorney's Office to file a sentence departure for substantial assistance, explaining it is beyond the court's purview to require prosecutors to seek a sentence reduction under Rule 35(b)).

[7]*United States v. Blackwell*, 81 F.3d 945, 948 (10th Cir. 1996).

[8]*See Perez*, 955 F.2d at 36.

**IT IS SO ORDERED.**

Dated: October 18, 2019

<div style="margin-left:50%;">

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

</div>